IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | 8:21CV208 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| TONY GREEN, D.H.H.S. of Developmental Disabilities Director for Nebraska; COURTNEY MILLER, D.H.H.S. of Developmental Disabilities Deputy Director; TAYLOR DARO, D.H.H.S. Agency for Developmental Disabilities Extended Families of Nebraska; JEVON WOODS, D.H.H.S. Agency for Developmental Disabilities Magis; SETH JACKSON, D.H.H.S. Agency for Developmental Disabilities Habops Rehabilitation; MELISSA BLAKEMORE, D.H.H.S. Agency for Developmental Disabilities Austism Center of Nebraska; CRYSTOL HOLSTON, D.H.H.S. Agency for Developmental Disabilities Austim Center of Nebraska; BRIAN JACKSON, Chief of Police; LAUREN GAYLORD BAIRED, Lincoln City Mayor; ONE UNKNOWN SPECIAL VICTIMS UNIT INVESTIGATOR; TWO STATE OF NEBRASKA COMPLIANCE INVESTIGATORS FOR DISABILITY SERVICES OF D.H.H.S.; ARMSTRONG, Lincoln Police Sgt. Investigator; BRENDA MAE STINSON, Appointed Legal Guardian; KIM DUMASS, D.H.H.S. Agency for Developmental Disabilities Mosaic; LINCOLN CITY LIBRARY, Bennit | |

Martin Downtown Branch; TWO UNKNOWN LINCOLN CITY LIBRARY EMPLOYEES; ONE LINCOLN CITY LIBRARY DIRECTOR; JULIE, Late Name Unknown of D.H.H.S. Agency for Developmental Disabilities Extended Families of Nebraska; JODIE, of Extended Families of Nebraska; LONI, of Extended Families of Nebraska; and LIZ, Last Name Unknown of D.H.H.S. Agency for Developmental Disabilities Extended Familes of Nebraska,

Defendants.

Plaintiff is a state prisoner who has been granted leave to proceed in forma pauperis ("IFP"). The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

## I. SUMMARY OF COMPLAINT

Plaintiff once again has strung together a series of unrelated incidents and made claims against numerous parties. First, Plaintiff complains the Lincoln Public Library would not accept an audiotape for his book, *Autism the Fight Inside*, and then suspended his library privileges for 6 months after he attempted to remove copies of the book he had previously donated to the library. (Filing 1, pp. 5-7.) Second, Plaintiff alleges he fled the state after he gave his email account information to Lincoln police and his account was hacked. (Filing 1, pp. 7-8.) Third, Plaintiff alleges he was homeless after returning to Lincoln because his legal guardian would

2

not let him stay at her house. (Filing 1, p. 9.) Fourth, Plaintiff complains about mistreatment by various housing providers after he was approved for developmental disability services by the Nebraska Department of Health and Human Services. (Filing 1, pp. 9-18.) Plaintiff alleges one of the providers raped him, but his legal guardian, police, and DHHS staff did not believe it. (Filing 1, pp. 14-17.) Finally, Plaintiff complains he was arrested after his last provider reported being assaulted by Plaintiff. (Filing 1, pp. 17-18.) For relief, Plaintiff wants $3 million in damages from all Defendants, reinstatement of his developmental disability services, and an injunction to relieve him from harsh conditions in jail. (Filing 1, p. 4.) Plaintiff alleges in a supplemental pleading that he is suing Defendants in their individual capacities only. (Filing 10.)

## II. DISCUSSION

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

3

The Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Complaint is not a "short and plain" statement of claims, consisting of "simple, concise, and direct" allegations of fact, *see* Fed. R. Civ. P. 8, nor is there any separation of claims, *see* Fed. R. Civ. P. 10. Plaintiff's rambling narrative makes it nearly impossible to understand the nature of his claims.

Plaintiff designates his Complaint as presenting a "disability rights claim" under 42 U.S.C. § 12101. (Filing 1, p. 4.) This statute contains Congressional findings and a statement of purpose for enactment of the Americans with Disabilities Act of 1990 ("ADA"). The statement of purpose, in and of itself, does not give rise to a private right of action. "The Act is not a general protection of medically afflicted persons." *Christian v. St. Anthony Med. Ctr., Inc*., 117 F.3d 1051, 1053 (7th Cir. 1997). The Eighth Circuit has also held that "Title II of the ADA provides a detailed remedial scheme barring a § 1983 action against state officials in their individual capacities." *Randolph v. Rodgers*, 253 F.3d 342, 346 (8th Cir. 2001) (citing *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1011 (8th Cir. 1999) (en banc)).

The only non-individual named as a defendant is "Lincoln City Library, Bennit Martin Downtown Branch," but it is not a distinct legal entity subject to suit. *Cf. Reed v. Jones*, No. 4:21CV3051, 2021 WL 2913023, at *4 (D. Neb. July 12, 2021). While the City of Lincoln would be a proper defendant for a Title II claim, Plaintiff does not allege he was discriminated against on the basis of disability; rather, it appears his library privileges were suspended after he became involved in an altercation when he attempted to remove books from the library. Plaintiff also generally invokes his "freedom of press" under the First Amendment (Filing 1, p. 3), but the facts alleged do not support such a claim.

The court has examined Plaintiff's allegations regarding other incidents, but is unable to find any constitutional or federal statutory violation that would be actionable under 42 U.S.C. § 1983 on the facts alleged. Plaintiff cites the Fourth Amendment (Filing 1, p. 3), but he has not alleged any misconduct by an arresting officer, and the woman who reported the assault is not alleged to have been acting under color of state law. Plaintiff also mentions racial discrimination and Ninth Amendment retaliation (*ibid*.), but, again, the facts alleged do not show that a state actor discriminated or retaliated against him on the basis of race or disability, or that Plaintiff suffered any injury. Plaintiff cites habeas corpus relief (*ibid*.), but such relief in not available in a § 1983 action. In addition, the court takes judicial notice that there appears to be some overlap with other pending litigation. For example, Plaintiff's rape allegations echo claims alleged in complaints filed in *Lightfeather v. Woods et al*., Case No. 8:21CV115, *Lightfeather v. PornHub.com et al*., Case No. 8:21CV146, and *Lightfeather v. Ricketts et al*., Case No. 8:21CV165. Plaintiff's

complaints about conditions at the Lancaster County Jail are also the subject of another pending case, *Lightfeather v. Prey et al.*, Case No. 8:21CV211. Section 1915(e)(2) allows this court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992).

The court has previously instructed Plaintiff that he "may join multiple defendants in a single action only if [he] asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *2 (D. Neb. Jan. 12, 2021) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.)); *see* Fed. R. Civ. P. 20(a)(2). Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir. 2007)) (citations omitted).[1] Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607.

---

[1] Under provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence a civil action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

The court will give Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted against one or more defendants and complies with Rule 20(a)(2). Plaintiff is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions, and he will be required to pay a separate filing fee for each separate action.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to pre-service dismissal under 28 U.S.C. §§ 1915(e) and 1915A. On the court's own motion, however, Plaintiff will be given leave to amend. Plaintiff is strongly encouraged to use the standardized form which will be provided to him.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to send Plaintiff a form Pro Se 1, "Complaint in a Civil Case," for Plaintiff's use in preparing an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline, as follows: October 4, 2021—amended complaint due.

6. Filing 10, docketed as a motion, is denied without prejudice. The court has considered this document as a supplemental pleading.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge